# M. J. P. SICKLES ET AL. V. J. E. LARGENT.

## SUPREME COURT, AUSTIN TERM, 1882.

*Trespass to try title—Second suit—Res adjudicata.*—In the court below it was held that as the surviving wife did not make herself a party plaintiff in the capacity of executrix of the last will and testament of her husband until more than twelve months had elapsed from the rendition of the first judgment, that, therefore, the second suit of trespass to try title could not be maintained.

*Held,* That, as the suit (prior the executrix becoming a party plaintiff in her capacity as executrix, by amendment) was so fatally defective as to parties that no cause of action was therefore presented, it would certainly follow that the former judgment rendered against the plaintiffs in the same capacity would in no way affect the right of the executrix to maintain a suit for the land. Such a judgment would not be *res adjudicata* as to the executrix, nor would she be estopped thereby.

Appeal from the District Court of Collin county. Morgan & Gibbs and Jackson & Jackson for appellants.

M. J. P. Haynes (now Sickles), as surviving wife of John W. Haynes, deceased, and as next friend to the minor, Sallie Haynes, brought this suit against Largent, September 5, 1874, in trespass to try title to the land described in the petition, claiming that she was the surviving widow, and the minor, Sallie, the only child, of John W. Haynes, deceased, who died intestate, etc.

On April 16, 1875, an amended petition was filed, alleging that John W. Haynes died testate, and that his will had been probated, and M. J. P. Sickles had qualified under the same as independent executrix; that the will was probated by the District Court of Dallas county at the October term, 1873; and that she be made a party plaintiff in her right as such executrix. The will took control of the estate from the probate court, and gave to the same to the executrix, etc.

On the same day Largent filed what is in the record denominated a plea of *res adjudicata,* wherein it is averred that John W. Haynes, in his lifetime, had sued appellee for the land in controversy, and died pending that suit; that appellant, as surviving wife, and as next friend, made herself a party plaintiff in said case, and prosecuted the same to trial, which was had March 30, 1874, and resulted in a final judgment in favor of appellee; also, averring that said judgment was final and conclusive as between the parties to this suit.

December 14, 1875, the parties submitted to the court the appellee's plea upon the record, and the court sustained the plea, hold-

ing that the former judgment was a complete bar to the suit, and rendered judgment final against appellants, from which this appeal was taken.

The error assigned is, that "the court erred in sustaining the defendants' plea of *res adjudicata*, filed April 24, 1875.

Opinion by Watts, J.—Appellee asserts that as Mrs. Sickles did not make herself a party plaintiff in the capacity of executrix of the last will of her deceased husband until more than twelve months had elapsed from the rendition of the first judgment, that, therefore, this could not be maintained as a second suit of trespass to try title. And it was upon that theory that the court proceeded in rendering the judgment against appellants.

Now, if the suit, as brought, and as it stood prior to the amendment in which the executrix, as such, becomes a party plaintiff, was so fatally defective as to parties that no cause of action was therein presented, it would certainly follow that the former judgment rendered against these plaintiffs in the same capacity would in no way affect the right of the executrix to maintain a suit for the land. Such a judgment would not, if that doctrine was true, be *res adjudicata* as to the executrix, nor would she be estopped thereby.

In the absence of anything appearing to the contrary in the record, the property sued for must be considered as community, of which the wife was entitled to one-half, subject to the payment of community debts. The statute then in force did not require the executrix to institute a suit for the trial of title to land until the court had made an order directing such suit. (General Laws 1873, page 112, section 10.)

Whether under the statute such an order was or not essential to the maintainance of the action by the executrix, is not necessary for us to determine.

But where no such order is shown to have been made, it would seem to follow that those interested in the property might maintain the suit; and the coming in of the executrix, as such, does not constitute the dismissal of the old and the institution of a new suit.

The rule invoked by the appellee and applied by the court below is not applicable to the circumstances of this case. For aught that appears upon the record, Mrs. Sickles was a proper party at the time the suit was brought; she, as surviving wife, had a substantial interest in the property that could not be defeated by the will of the husband, for her interest was equal to his, and, after his death, it

could not be defeated by his will; and, as she was a proper party plaintiff, the mere fact that another proper plaintiff was subsequently made would not have the effect assigned to it by the court. There was no conflict of interest as between the plaintiffs; the executrix came in to assist, and not to deprive, the then plaintiffs of any right to recover the land. It appears that the plaintiff, in her capacity as executrix, was acting harmoniously with the other plaintiffs; all bent upon the common object of trying the title to, and securing the land for the estate and parties interested in it.

We conclude that the judgment of the court below was erroneous; that it ought to be reversed and the cause remanded.

Report of Commissioners of Appeal examined, their opinion adopted, the judgment reversed and cause remanded.—GOULD, C. J.